[No. 22347. Department One. April 18, 1930.]

SPRING-EHRMAN TOBACCO COMPANY, INCORPORATED, *Plaintiff*, v. TRIANGLE DRUG COMPANY, INCORPORATED, *Defendant*.

J. M. WILLIAMS, *as Receiver, Appellant,* v. CARNATION ICE CREAM COMPANY, *Respondent.*[1]

*Hyland, Elvidge & Alvord,* for appellant.
*Peters, Powell, Evans & McLaren,* for respondent.

BEALS, J.—J. M. Williams, as receiver of the Triangle Drug Co., Inc., a corporation (hereinafter referred to as the drug company), appeals from an order of the superior court allowing in full, as against the receivership, the claim of Carnation Ice Cream Company, a

[1]Reported in 287 Pac. 50.

corporation. Claimant, respondent herein, presented to the receiver a claim composed of three different items; the first for $750, representing money alleged to have been loaned by respondent to the drug company; the second item based upon another loan of $750 alleged to have been made to the drug company by an assignor of respondent; and a third item based upon goods sold, which last account is not disputed by the receiver.

It appears that, during the month of March, 1929, respondent, then apparently doing business under another name, loaned to the drug company $750, as evidenced by two checks for $500 and $250, respectively. Each of these checks was drawn to the order of "Triangle Pharmacy," and bears the indorsement of "Triangle Drug Co." This loan was made to the drug company as part of a contract for the sale of ice cream by respondent to the drug company, the contract showing the "Triangle Drug Co." as purchaser, and having been accepted by C. L. Pattison. On or about the date of the transaction, there was delivered to respondent a promissory note bearing date March 20, 1929, for the sum of $750, signed by C. L. Pattison, who was the manager and, with his wife, the owner of all the capital stock of Triangle Drug Co., Inc. Respondent does not base its claim upon the Pattison note, but relies upon the loan, asserting that the same was in fact made to the drug company.

Appellant receiver, to defeat this item of respondent's claim, argues that it appears from the evidence that the proceeds of the loan did not go into the assets of the drug company, but were, by C. L. Pattison, the manager thereof, used in paying a debt which he individually owed to a third party, and that the loan was made to Mr. Pattison, individually. Appellant contends that, under these circumstances, the drug com-

pany was not obligated to repay the loan, but that the same was the individual obligation of Mr. Pattison.

The fact that Mr. Pattison executed and delivered to respondent his promissory note in the amount of the loan does not require respondent, even though it received and retained the note, to look to Mr. Pattison alone for repayment of the money which respondent had advanced. Such a circumstance is entitled to be considered in determining what the true state of facts was as to the person to whom the loan was actually made, but it does not of itself obligate respondent to seek recovery only against the maker of the note. Appellant argues that it appears from a preponderance of the evidence that the proceeds of this loan did not go into the assets of the drug company and that the corporation was not enriched thereby. Assuming that appellant's contention in this particular is correct, we are nevertheless of the opinion that respondent is entitled to recover upon this claim, as respondent's checks were by it drawn to the order of Triangle Drug Co. (named in the checks as "Triangle Pharmacy," which is an immaterial variance) and were by it delivered to the manager of that corporation. This fixed the relationship between the parties, and the fact that the manager of the corporation subsequently diverted the proceeds of the checks from the assets of the corporation and used them in payment of an obligation of his own does not exonerate the drug company, or appellant, as its receiver, from the obligation of repaying the loan.

The loan was made, as above stated, as part of a transaction whereby respondent agreed to sell and the drug company agreed to purchase ice cream to be subsequently delivered. The loan was to be repaid by adding a specified amount to the charge for each gal-

lon of ice cream delivered under the contract. The fact that this contract was "accepted" by the drug company's manager without adding after his signature words indicating his representative capacity does not, when considered together with all the other facts shown by the record, require a holding that the loan was not made to the drug company. The trial court did not err in establishing the first item of respondent's claim as a debt due from the drug company and its receiver.

It appears that the other loan of $750 upon which the second item of respondent's claim is based was made by respondent's assignor in May, 1929. This money was delivered by a check drawn to the order of C. L. Pattison, which check was indorsed "Triangle Drug Co., Inc.," below which indorsement appears the signature of C. L. Pattison. Mr. Pattison testified that a considerable portion of the proceeds of this loan was used in paying rent due from the drug company, the balance having been deposited to the credit of the corporation in its current bank account. Although Mr. Pattison's testimony as to the payment by him in cash of a considerable sum due for rent from the drug company contains some elements of improbability, it was not contradicted and the trial court concluded that it was worthy of belief. The conclusion that the balance of the loan was deposited to the credit of the drug company finds some slight corroboration in the list of deposits made by that company, which list was introduced in evidence by respondent. In regard to the second item of respondent's claim, the trial court had the advantage of hearing the testimony and observing the witnesses, and, having concluded that the second item of respondent's claim should be allowed, we are unable to say, from an examination of the record, that this action should be reversed by this court.

430

Finding no error in the record, the order appealed from is affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MILLARD, JJ., concur.